CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 16 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JANNETTE LEE HUNT, | ) |
| Plaintiff, | ) Case No. 7:04CV00451 |
| v. | ) |
| | ) MEMORANDUM OPINION |
| KROGER LIMITED PARTNERSHIP I, | ) |
| | ) By: James C. Turk |
| Defendant. | ) Senior United States District Judge |

The plaintiff, Jannette Lee Hunt, filed a lawsuit in Virginia state court against the defendant, Kroger Limited Partnership I ("Kroger"), for injuries she sustained on February 25, 2003. The defendant removed the civil action to this court. The court has diversity jurisdiction under 28 U.S.C. § 1332(a) over this negligence action, in which Virginia law controls. The case is before the court on the motion for summary judgment moved for by the defendant. The parties have filed supporting briefs and the court heard oral arguments on June 13, 2006. For the following reasons, the defendant's motion for summary judgment is **Granted**.

I.

On February 25, 2003, at sometime before 10:40pm, the plaintiff drove to the defendant's grocery store located at Cave Springs Corners Shopping Center in Roanoke, Virginia. She parked her vehicle in the communal parking lot and proceeded to walk to the entrance of the defendant's store. As she was entering the store, she noticed a man (later identified as Thomas Perry) verbally abusing a red-haired woman. See Defendant's Motion for Summary Judgement, Exhibit A, Deposition Transcript of Jannette Hunt Lee at 29. No evidence was presented that

1

any statements that Perry made to the red-haired woman threatened physical harm. "The plaintiff chose to ignore the matter as she was hungry and in a hurry to get her groceries," see Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment at 2, therefore, she did not notify any of the defendant's employees as to what she witnessed. Furthermore, she was not concerned that Perry posed a threat to her physical safety after she witnessed the incident. See Defendant's Exhibit A at 30.

Twenty minutes had passed between the time the plaintiff entered and exited the store. It is alleged that as she exited the store, Perry stopped the plaintiff and asked her for money. The plaintiff stated to Perry, "I am sorry, I just spent all of my money in Kroger." Id. at 23. Perry then stated to the plaintiff, "I know a rich bitch like you has a quarter." Id. The plaintiff attempted to walk past Perry but he pushed her. Id. She dropped her bags and told him to get away from her. Id. Perry then struck the plaintiff twice in the face and pulled her hair near the crown of her head. Id. He pulled out a large chunk of her hair. Id. A struggle ensued in which the plaintiff fended off Perry. Id. The plaintiff attempted to evade Perry but he chased her while he screamed obscenities and threats of physical violence at her. Id. The plaintiff was able get in her vehicle and Perry then walked away. Id. at 25.

It is alleged that witnesses saw Perry loitering in front of defendant's store as early as the afternoon of the day of the assault. It appeared that he was intoxicated. No evidence was submitted that Perry physically assaulted anyone prior to the plaintiff. No evidence was submitted that Perry verbally assaulted anyone other than the red-haired woman and the plaintiff. No one reported Perry's conduct to any employee of the defendant prior to the assault. No evidence was submitted that Perry was present at the defendant's store or the adjacent parking lot

2

on any occasion prior to the day of the assault.

## II.

Upon motion for summary judgment, the Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S. Ct. 1348, 89 L. Ed. 2d (1986); Nguyen v. CNA Corp., 44 F.3d 234, 236-37 (4th Cir. 1995). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

The plaintiff alleges that the defendant had a duty to warn and a duty to protect its customers from criminal conduct such as those committed by Perry. She alleges that the defendant breached its duties because it did not have a security force to monitor the communal parking lot and it did not attempt to enforce its internal policies regarding security and safety. The defendant argues that it had no duty to warn or protect towards the plaintiff and it cannot be liable for her injuries because it did not own the parking lot in which the assault occurred. The defendant's bases for moving for summary judgment are issues of law that can be properly passed upon at the summary judgment stage.

## III.

The first requirement of any negligence claim is that the defendant owed a duty to the plaintiff. See Burns v. Johnson, 250 Va. 41, 44, 458 S.E.2d 448 (1995). In Virginia, an owner or occupier of land ordinarily is under no duty to protect an invitee from a third person's criminal act committed while the invitee is upon the premises. See Thompson v. Skate America, Inc., 261 Va. 121, 128, 540 S.E.2d 123 (2001) (citation omitted). Certain "special relationships,"

3

however, "may exist between particular plaintiffs and defendants, either as a matter of law or because of the particular factual circumstances in a given case, which may give rise to a duty of care on the part of the defendant to warn and/or protect the plaintiff against the danger of harm from the reasonably foreseeable criminal acts committed by a third person." Id. at 129. Recognized examples of special relationships that may give rise to duty to warn and/or protect in Virginia, include a common carrier and its passengers, an employer and its employees, an innkeeper and its guests, and a business owner and its invitees. Id. Here, the plaintiff was a business invitee of the defendant because she entered the defendant's store for the purpose of shopping for groceries. The duty to warn and/or protect, however, does not automatically arise from the mere existence of a special relationship; the relationship allows the duty to arise when a certain set of circumstances develop. See Dudas v. Glenwood Golf Club, Inc., 261 Va. 133, 138, 540 S.E.2d 129 (2001) (declining to find a duty to protect inherent in the special relationship).

In the seminal case of Wright v. Webb, 234 Va. 527, 362 S.E.2d 919 (1987), the Virginia Supreme Court held that a business owner's duty to protect an invitee arises when it "knows that criminal assaults against persons are occurring, or are about to occur, on the premises which indicate an imminent probability of harm to [its] invitees." Id. at 533. There is no evidence that any of the defendant's employees were aware of, or notified of, the possible threat that Perry posed. The plaintiff, however, argues that due to the circumstances prior to the assault, the defendant should have foreseen Perry's violent tendencies because Perry had been loitering around the defendant's store for half of the day while intoxicated and he had verbally attacked a woman twenty minutes before he assaulted the plaintiff. Even assuming that the defendant should have been aware of Perry's conduct prior to the assault, knowledge of such conduct would

4

not have given rise to a duty to warn and/or protect.

The Virginia Supreme Court has "declined to 'impose liability for negligence based solely upon . . . a background' of prior criminal activity on the defendant's premises or in its vicinity by unknown persons." See Thompson, 261 Va. 130. The appropriate inquiry as to whether previous criminal activity would give rise to a duty to warn and/or protect is whether such prior activity would "lead a reasonable person . . . to conclude that there was an imminent danger of criminal assault" to the plaintiff. Dudas, 261 Va. at 140. In the instant case, there is no evidence that any criminal activity indicative of imminent physical harm occurred near or on the defendant's premises prior to the assault.

The mere fact that Perry was loitering around Kroger for an extended period, without evidence that he physically assaulted anyone, cannot be a basis to find that he was an imminent danger to physically assault a person. The inference of imminent physical harm from non-violent conduct is a tenuous one and the Virginia courts have not held otherwise. Furthermore, Perry's intoxication does not invariably lead to the conclusion that he will imminently assault someone. Intoxicated persons such as Perry can be harassing but verbal annoyance or harassment would not lead a reasonable person to conclude that such a person is an imminent threat to their physical well-being and the Virginia courts have not held otherwise.

In addition, the plaintiff argues that Perry's imminent threat was evidenced when he verbally accosted a woman twenty minutes prior to his assault on her. Again, verbal harassment that does not threaten physical harm, standing alone, does not reasonably lead to the proposition of imminent bodily harm. The extrapolation of the threat of imminent physical harm from a single incidence of non-physical conduct is not reasonable. Even the totality of Perry's conduct

5

throughout the day would not lead a reasonable person to conclude that Perry was an imminent danger. See Burns, 250 Va. at 44-45 (stating, *inter alia*, evidence that store owner had knowledge that plaintiff was verbally harassed by an intoxicated customer prior to her assault was not sufficient to impose duty).

Telling evidence of the lack of imminent harm that Perry posed (however incorrect it was in hindsight) was the fact that the plaintiff did not believe that Perry was an imminent danger prior to her being assaulted and no evidence exists that anyone did. See Defendant's Exhibit A at 30. If the plaintiff herself, and all other passersby, felt no apparent imminent danger from actually witnessing Perry's conduct throughout the day - and specifically, Perry's verbal assault on the red-haired woman - it would be quite unreasonable to impose an almost clairvoyant duty on the defendant to sense the danger that Perry posed.

The Wright court specifically held that a business owner's prior knowledge of any type of criminal conduct will not suffice to create a duty to warn and/or protect. See Wright, 234 Va. at 531-32. The Wright court rejected the inference that knowledge of prior crimes against property will create a duty to protect against physical assaults. Id. Knowledge of prior criminal activity that will lead to a duty to warn and/or protect against physical assaults must be knowledge of criminal activity of similar behavior. Id. at 532 n.1 (citing persuasive authority that held that knowledge of non-assaultive crimes does not create a duty to anticipate and guard against future assaultive crimes). None of Wright and its progeny have held that isolated incidents of non-assaultive conduct will lead to an inference of imminent physical harm. See e.g. id. (rejecting the imposition of a duty based upon knowledge of two prior isolated acts of violence); Burns, 250 Va. at 44-45.

6

The plaintiff argues that in Taboada v. Daly Seven, Inc., 271 Va. 313, 626 S.E. 2d 428 (2006), the Virginia Supreme Court expanded the circumstances that will rise to a duty to warn and/or protect to include owners of businesses located in high crime areas. The Taboada court held that the duty to protect could be triggered in an innkeeper-guest relationship when the premises are in a high crime area. Id. at 327. The plaintiff's reliance on Taboada, however, is misguided because the circumstances that will trigger the duty to warn and/or protect in the innkeeper-guest relationship is different from the business invitor-business invitee relationship. Taboada is inapplicable in the business invitor-business invitee setting because as the Taboada court itself stated, "in the context of a business owner and invitee special relationship, we will not impose liability for negligence based solely upon a background of previous criminal activity on the owner's property." Id.; see also id. ("We do not retreat from our holding in Wright [business invitor-business invitee relationship]; it is simply not applicable to the potential duty of care owed to a guest as a result of the special relationship of innkeeper and guest."). The plaintiff further argues that Taboada signals a shift in the Virginia Supreme Court's jurisprudence on the duty to warn and/or protect to expand the circumstances which will give rise to the duties. Even if this is so, this court is in no position to further broaden the scope of the issue in the business invitor-business invitee relationship; that is the realm of the Virginia courts.

## IV.

No duty to warn and/or protect arose between the defendant and the plaintiff because the circumstances prior to the assault would not lead a reasonable person to conclude that Perry posed a threat of imminent physical harm to the plaintiff, or any of the defendant's business invitees. Summary judgment is therefore granted in favor of the defendant because the defendant

7

did not have a duty to warn and/or protect the plaintiff against the third-party criminal conduct of Perry.[1]

ENTER: This 16th day of June, 2006.

*James C. Turk*
James C. Turk
Senior United States District Judge

---

[1] The issue of whether the defendant can be liable for conduct that occurred on property it did not own will not be discussed because the ruling that the defendant did not owe a duty to the plaintiff has resolved the case.

8